[S. F. No. 5643. Department Two.—January 29, 1912.]

CHARLES FILIPPINI et al., Respondents, v. CLEORA M. HEWLETT et al., Appellants.

WATER—RIPARIAN PROPRIETORS—ACTION TO DETERMINE RIGHTS TO USE WATER—JUDGMENT—UNCERTAINTY.—In an action by lower riparian proprietors against upper riparian proprietors, to determine their

respective rights to the use of the waters of a natural stream, in which the defendants set up a right by appropriation of all the waters thereof, and another right of appropriation by user and prescription to certain of the waters thereof, the defendants cannot object, on the ground of indefiniteness or uncertainty, to a judgment which entitles them to take and use "such a quantity of water . . . which shall be required for all the natural or domestic uses and purposes appurtenant to" their riparian lands, "including water for household and domestic uses and purposes, for watering stock, and for irrigating lawns and gardens adjacent to the dwelling-house on said lands."

ID.—FAILURE TO ADJUDGE DEFINITE QUANTUM OF WATER TO BE USED.— The defendants cannot complain of the uncertainty of the judgment in failing to award them a definite *quantum* of water, when they were accorded an opportunity on the trial to show that fact, and declined to do so.

ID.—ADJUDICATION OF RIGHTS OF UPPER RIPARIAN PROPRIETOR.—Such judgment does not limit the defendants to take water from any particular branch of the stream, or to the amount which they may happen to be using, but gives them, as upper riparian proprietors, the first right to all which they may require for the purposes of their superior use.

APPEAL from a judgment of the Superior Court of Napa County and from an order refusing a new trial. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

E. E. Hewlett, F. E. Johnston, H. L. Johnston, and L. E. Johnston, for Appellants.

A. J. Hull, J. V. B. Filippini, and John T. York, for Respondents.

HENSHAW, J.—This controversy is between the plaintiffs, lower riparian proprietors, and defendants Hewlett, upper riparian proprietors, over the use of the waters of Huichica Creek. The appeal is from the judgment and from the order denying defendants a new trial.

The waters of Huichica Creek, flowing first through the lands of defendants Hewlett, were used by them, and the unused portion passed on to the lower lands of plaintiffs, where they were consumed for domestic purposes and for the watering of stock. In the warm and dry months of June, July, August,

September, and October of each and every year there was
never a surplus of water above what was required for these
purposes, and in many years a deficiency and shortage. The
Hewletts had originally taken their water from the main
stream, but subsequently they had availed themselves of the
waters of the west branch of the creek. Shortly before the
commencement of this action they dammed the main stream,
posted notice of appropriation of all the waters in it, filed the
notice for record, dug a ditch, and proceeded to carry these
waters to their lands for the irrigation of alfalfa. The result
was the immediate cessation of the flow below, complaint by
the lower riparian proprietors, with the statement by the
Hewletts that they would find their claim presented in the
recorder's office, and if plaintiffs desired to stop them from
so diverting the waters they would have to proceed by injunc-
tion. This they did, and the injunction was granted. Against
the judgment it is first contended that the portion defining
the rights of Cleora M. Hewlett, owner of the upper riparian
land, is indefinite and uncertain. That portion of the judg-
ment so attacked is in the following language:

"That the defendant, Cleora M. Hewlett, is justly entitled
to take and use such a quantity of water flowing in said creek,
through the lands of the said defendant, which, in addition to
the water now taken from said west branch thereof, shall be
required for all the natural or domestic uses and purposes
appurtenant to the lands of said defendant which are within
the watershed of and drained by and riparian to said Huichica
Creek (which said lands are described in the complaint in
this action, and are the lands upon which the said defendant
now resides), including water for household and domestic
uses and purposes, for watering stock, for irrigating lawns
and gardens adjacent to the dwelling-house on said lands."

It is said that the judgment does not mean anything so far
as the defendant is concerned, that she possesses the right ad-
judged to her independent of the judgment, by virtue of her
riparian proprietorship. But if the court by solemn judgment
has given to this defendant exactly what she says she is en-
titled to by law, her voice should be lifted in approbation and
not in complaint. In contemplation of the fact that what
the court was called upon to decide were the twofold conten-
tions of the Hewletts, the first an asserted right by appropria-

tion to all of the waters of the creek, the second an asserted
right of appropriation by user and prescription to certain
of the waters of the creek, it was not only not a useless declar-
ation for the court thus to define the precise rights of defend-
ant, but it was a declaration and judgment made necessary by
the very issues in the case. Nor can the complaint be enter-
tained that the judgment is fatally uncertain in failing to
award a definite *quantum* of water to defendants. Defend-
ant's own conduct made this impossible, for the court vacated
the submission of the cause, to give the defendants an oppor-
tunity of showing the amount of water required for their use
during the dry season, and defendants declined to produce
such testimony. They are not in a position to complain of
any uncertainty in this respect. (*Bathgate* v. *Irvine*, 126 Cal.
135, [77 Am. St. Rep. 158, 58 Pac. 442]; *Strong* v. *Baldwin*,
154 Cal. 150, [129 Am. St. Rep. 149, 97 Pac. 178].) Nor is it
perceived that this judgment in any sense compels defendants
to continue to take water from the west branch. It declares
in effect that they may take all the water which they require
for the indicated purposes, and so long as they are taking a
portion of it from the west branch, may take the remainder
from the main stream. And while it is true that the rights
of a riparian owner are not limited by the *quantum* of water
he may happen to be using, this judgment gives defendants
the first right to all which they may require for the purposes
of their superior use.

Certain minor propositions are urged upon the appeal which
have been examined, and which it may be declared, without
elaborate discussion, are not well founded, or, where well
founded, are not of the essence of the controversy. These
propositions go to an asserted absence of findings, that the
findings are not responsive to the issues, and that the findings
do not support the quantity of lands of the plaintiffs, found
to be riparian. But the findings show that plaintiffs, as
riparian owners need and use the water for domestic purposes
and for the watering of stock; that in the dry season of the
year there is never any surplus of water in the stream over
and above these needs. The judgment then awards to the
defendants Hewlett, as riparian proprietors, all of the water
of the stream which they may require, "for all the natural
and domestic uses and purposes appurtenant to the lands . . .

including water for household and domestic uses and purposes, for watering stock, for irrigating lawns and gardens adjacent to the dwelling-house on said lands." Here is a most liberal award. It may involve the consumption and use of all the waters. It is the remainder, after such use, which is to be permitted to flow on to the lands of plaintiffs, and as the court finds that in the dry months there is no surplus water above the needs of these plaintiffs, it follows that there can be none for the enlarged purposes of irrigation to which defendants proposed to devote it.

The findings are therefore sufficiently complete and explicit and the judgment is supported by the findings.

For these reasons the judgment and order appealed from are affirmed.

Melvin, J., and Lorigan, J., concurred.